IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN THE DISTRICT OF NEW YORK

*The parties shall appear for a telephonic conference on this motion at 4:30 p.m. on August 19, 2020. They are directed to call (888) 251-2909 and use access code 2123101.*

*8/17/2020*

*LEWIS J. LIMAN*
*United States District Judge*

------------------------------------------------------------------X

ALGOOD CASTERS LIMITED,

      Plaintiff,

v.

CASTER CONCEPTS, INC.,

Defendant.

------------------------------------------------------------------X

Civil Action No. 1:20-cv-04623-LJL

MOTION FOR PRELIMINARY INJUNCTION

## MOTION AND NOTICE OF MOTION

Please take notice that upon the declaration of Craig Guttmann and the facts attested to therein, the complaint in this action verified by said declaration and the pleadings in this action,Plaintiff, Algood Caster Limited (hereafter "Algood"), acting through its attorneys, hereby moves for a temporary restraining order and preliminary injunction enjoining continued encroachment on its trademark rights asserted in the above-captioned action.

Plaintiff seeks the preservation of the status quo respecting the Defendant's infringement of Plaintiff's family of trademarks including the trademarks MAXX™, EMAXX™ and MAXX 9™ as used on casters. Such infringements take the form of Defendant's use of Defendant's alleged trademarks incorporating the MAXX trademark as a prominent portion of designations of origin employed by Defendant on products sold by both Plaintiff and Defendant.

More particularly, while only recently discovered by Plaintiff, Defendant filed an application to register the infringing designationErgomaxx in the summer of 2016. In 2018, as was recently discovered by Plaintiff, Defendant further encroached on the rights of Plaintiff by applying to register the infringing designation Ergonomically Ergomaxx Engineered. In or about

2019, as was recently discovered by Plaintiff, apparently Defendant began using the infringing designation Twergomaxx, further encroaching upon the rights of Plaintiff. Just prior to the filing of the complaint, Plaintiff became aware that Defendant was yet further and more closely encroaching upon the rights of Plaintiff, now using a version of its Ergomaxx trademark which separates out the infringing "maxx" designation as a separate word, in the form Ergo® Maxx giving it independent infringing status in a form identical to Plaintiff's MAXX trademark, and yet further encroaching upon the rights of Plaintiff. See Exhibit F to the complaint in this action.

Just prior to the filing of this motion, Defendant, began to yet still further encroach upon the rights of Plaintiff Algoodby using the term "Maxx" in absolutely standalone form in its social media advertising as more fully appears below.

Plaintiff is seeking a temporary restraining order enjoining Defendant from 1) further standalone use of the infringing designation "Maxx", 2) beginning the use of new trademarks incorporating the term "Maxx" further shadowing the family of trademarks used by Plaintiff, and 3) emphasizing the "maxx" portion of its infringing designations either a) by separation of that portion from the remaining parts of the infringing designations, or b) capitalization, or c) otherwise and limiting their use to achieve a similar effect.

The undersigned contacted Robert Cosgrove, counsel to Defendant respecting the substance of this motion and seeking to resolve the issues. Mr. Cosgrove indicated that he was involved in another procedure at the time and would not be able to consult with his client until next week. I advised that we would file the subject application which would be fully informative of our position, and that we would be available to discuss the matter with him on Monday, August 17, 2020.

The undersigned notes that there was some delay in the filing of this motion on account of the undersigned losing power and Internet (apparently along with 93% of Connecticut), and that after six days without the same at home and office, service was only restored earlier this week.

               Respectfully submitted,

Dated: August 16, 2020

           By:  <u>/s/ Anthony H. Handal</u>
             Anthony H. Handal
             Handal&Morofsky LLC
             Attorneys for Plaintiff
             83 East Avenue
             Norwalk, CT 06851
             917 880 0811
             handal@HandalGlobal.com

```
IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN THE DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                              :
ALGOOD CASTERS LIMITED,                       :   Civil Action No.
                                              :   1:20-cv-04623-LJL
        Plaintiff,                            :
                                              :
                                              :   (PROPOSED)
        v.                                    :   TEMPORARY
                                              :   RESTRAINING
                                              :   ORDER AND
CASTER CONCEPTS, INC.,                        :   ORDER TO
                                              :   SHOW CAUSE
                                              :
Defendant.                                    :
------------------------------------------------------------------X
```

Upon the motion of the Plaintiff, Algood Caster Limited (hereafter "Algood"), the declaration of Craig Guttmann and the facts attested to therein, the Complaint in this action verified by said declaration, and the pleadings in this action,

IT IS HEREBY ORDERED:

1) Defendant, Caster Concepts, Inc. (hereafter "Caster Concepts"), and all persons in active concert and participation with Defendant are and shall be temporarily restrained, pending the Court's action on Plaintiff's motion for a preliminary injunction, and shall cease and desist from:

i) further standalone use of the infringing designation "Maxx",

ii) beginning the use of new trademarks incorporating the term "Maxx" or otherwise more closely simulating the family of trademarks used by Plaintiff, and

iii) emphasizing the "maxx" portion of its infringing designations either a) by separation of that portion from the remaining parts of the infringing designations, or b) capitalization, or c) in any other way.

2) All use of Defendant's alleged infringing designations incorporating the term "maxx" shall be without emphasizing the "maxx" portion of those infringing designations either a) by separation of that portion from the remaining parts of the infringing designations, or b) capitalization, by use of the symbol ®, or c) in any other way.

IT IS HEREBY FURTHER ORDERED THAT:

3) Defendant shall show cause at a hearing to be conducted by telephone on August \_\_\_\_, 2020 at \_\_\_\_\_ AM/PM as to why this Court should not enter a preliminary injunction extending the above temporary relief throughout the pendency of this action.

3) Any opposition and supporting evidence, other than oral testimony, to be introduced at the above hearing by Defendant shall be served by Defendant on counsel to Plaintiff on or before August _____, 2020.

4) Any reply and supporting evidence, other than oral testimony, to be introduced at the above hearing by Plaintiff shall be served by Plaintiff on counsel to Defendant on or before August _____, 2020.

_____
    U. S. D. J.

Dated:

                           Submitted by:
                           Anthony H. Handal
                           Handal&Morofsky LLC
                           Attorneys for Plaintiff

83 East Avenue
Norwalk, CT 06851
917 880 0811
handal@HandalGlobal.com