```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ALGOOD CASTERS LIMITED,                                           :
                                                                  :
                        Plaintiff,                                :
                                                                  :        20-cv-04623 (LJL)
        -v-                                                       :
                                                                  :        ORDER
CASTER CONCEPTS, INC.,                                            :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/04/2020
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Algood Casters Limited ("Algood"), a Canadian corporation, sued Caster Concepts, Inc. ("Caster Concepts"), a Michigan corporation, in the Southern District of New York. The parties agree that this Court has jurisdiction, because Caster Concepts markets and sells its products in New York. Caster Concepts has requested a transfer of venue to the Western District of Michigan pursuant to 28 U.S.C. § 1404, which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Caster Concepts claims that it will be unnecessarily inconvenienced by litigating the case in New York, as its offices are in Michigan and the conduct that gave rise to the alleged infringement took place in Michigan. It additionally complains that this case has no particular connection to New York, as less than 1% of its sales are made in New York. Algood responds that litigating the case in New York will be more convenient, because its witnesses can travel from Toronto to New York more easily than they can travel to Grand Rapids, Michigan.

A court owes a plaintiff's choice of forum deference and transfer is appropriate only where convenience weighs strongly in favor of another forum. See, *e.g.*, *Central Sports Army Club v. Arena Associates, Inc.*, 952 F. Supp. 181, 189 (S.D.N.Y. 1997). Transfer should not be ordered where it would merely shift the inconvenience from one party to the other. Algood has chosen this venue and put forth valid reasons why it prefers to litigate the case here. While litigating the case in Michigan would no doubt be more convenient for Caster Concepts, it would concomitantly inconvenience Algood, whose witnesses would be compelled to travel to Grand Rapids, a destination substantially more difficult than New York to reach for Toronto-based litigants. This assumes, of course, that hearings will be held in person. Because it is unlikely that hearings will be held in person in the near future on account of the COVID-19 pandemic, the burden imposed on Caster Concepts by litigating the case in New York is mitigated.

Additionally, the fact that only a limited portion of Caster Concepts' business is carried out in New York does not require a change of venue in and of itself. The Court has jurisdiction

over the case on account of Caster Concepts' business activities in New York and so the question is whether the balance of convenience on the plaintiff and the defendant strongly favors another forum. Caster Concepts' limited business operations in New York does little to answer this question. Convenience does not dictate that a domestic defendant is entitled to litigate in its home district when the plaintiff has no home district in the United States.

Because this Court has jurisdiction over the case and because convenience does not clearly favor Michigan, it is appropriate for the Court to exercise venue here. Accordingly, the defendant's motion for a transfer of venue is denied.

SO ORDERED.

Dated: September 4, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge